Kohl v Loma Negra Compañia Indus. Argentina S.A. (2022 NY Slip Op 06553)

Kohl v Loma Negra Compañia Indus. Argentina S.A.

2022 NY Slip Op 06553

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Gesmer, Singh, JJ. 

Index No. 653114/18 Appeal No. 16703 Case No. 2022-00008 

[*1]Dan Kohl, Plaintiff-Respondent,
v
Loma Negra Compañia Industrial Argentina Sociedad Anónima et al., Defendants-Appellants, Loma Negra Holding GMBH et al., Defendants.

White & Case LLP, New York (Glenn M. Kurtz of counsel), for Loma Negra Compañia Industrial Argentina Sociedad Anónima, appellant.
Shearman & Sterling LLP, New York (Adam S. Hakki of counsel), for Bradesco Securities, Inc., Citigroup Global Markets Inc., HSBC Securities (USA) Inc., Itau BBA USA Securities, Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated and Morgan Stanley & Co., LLC, appellants.
Levi & Korsinsky, LLP, New York (Shannon L. Hopkins of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 2, 2021, which granted plaintiff's motion for class certification and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendants failed to establish their entitlement to summary judgment, as they did not sustain their burden of proof on the issue of negative loss causation — that is, the principle that investors cannot have suffered loss due to defendants' false inflation of the securities' value through misstatements or omissions in the offering documents unless a corrective disclosure has occurred and revealed to the market the inflation of the securities' value while the investors held them (see 15 USC § 77k[e]; Levine v AtriCure, Inc. , 508 F Supp 2d 268, 272 [SD NY 2007], reconsideration denied 594 F Supp 2d 471 [SD NY 2009]). Under this principle, a plaintiff suffers a loss only if it holds shares at the time of a corrective disclosure.
Defendants' argument on appeal rests on an incorrect premise: that plaintiff was not only required to plead, and ultimately prove, loss causation, but was also required to show that the loss was caused by a corrective disclosure. However, that premise does not hold in a Securities Act § 11 case, as loss causation is generally not an element of a § 11 claim (In re Facebook, Inc. IPO Sec. and Derivative Litig. , 986 F Supp 2d 487, 522-523 [SDNY 2013], mot to certify appeal denied 986 F Supp 2d 524 [SD NY 2014]). Rather, "there is a factual presumption that any decline in value of the securities at issue was caused by misrepresentations in the offering documents" (Levine , 508 F Supp 2d at 272) ; thus, a plaintiff is not required to plead (or to prove) loss causation arising from corrective disclosures or, indeed, from anything else (see 15 USC § 77k; In re Morgan Stanley Info. Fund Sec. Litig. , 592 F3d 347, 358-359 [2d Cir 2010]; Levine, 508 F Supp 2d at 272, 274 n 9).
To be sure, defendants in § 11 cases can seek to reduce or eliminate damages through the affirmative defense of negative causation (see 15 USC § 77k[e]; Levine, 508 F Supp 2d at 272). But to successfully maintain that affirmative defense, they bear a "heavy burden" of proving that a plaintiff's losses were caused by something other than the alleged misrepresentations or omissions in the offering documents (Schuler v NIVS Intellimedia Tech. Group, Inc , 2013 WL 944777, *9, 2013 US Dist LEXIS 24200, *27-28 [SD NY 2013]; see also Federal Hous. Fin. Agency for Fed. Natl. Mtge. Assn. v Nomura Holding Am., Inc ., 873 F3d 85, 153 [2d Cir 2017], cert denied — US —, 138 S Ct 2679 [2018]). Defendants, who do not dispute that the price of Loma Negra's American Depository Shares (ADS) declined when plaintiff states it did, make no showing on their motion of what might have caused that decline other than the alleged fraud, misrepresentations, or omissions. As a result, their cross motion for summary [*2]judgment premised on negative loss causation was properly denied (see Yi Xiang v Inovalon Holdings, Inc ., 254 F Supp 3d 635, 644 [SD NY 2017], reconsideration denied , 268 F Supp 3d 515 [SD NY 2017]; In re WRT Energy Sec. Litig ., 2005 WL 2088406, *1, 2005 US Dist LEXIS 18701, *3-4 [SD NY 2005], rearg denied , 2005 WL 3288142, 2005 US Dist LEXIS 31280 [SD NY 2005]).
Defendants argue that the public disclosures described in the second amended complaint and in the documents plaintiff proffered in opposition to summary judgment were not, and could not have been, "corrective disclosures" that would prove the offering documents' statements and omissions to have been false or misleading, as they neither corrected the relevant alleged misstatements or disclosed information that the offering documents allegedly omitted. We reject this argument. Plaintiff's claims in the second amended complaint did not rest on a theory that the public disclosures set forth in the pleading were, specifically, corrective disclosures; thus, defendants' arguments as to why these public disclosures cannot constitute corrective disclosures are unavailing.
Moreover, even in the documents proffered in opposition to the cross motion for summary judgment — which, as defendants note, were not mentioned in the pleadings — plaintiff did not state that the purported corrective disclosures in those documents were the sole corrective disclosures that could support his claims. Therefore, even accepting defendants' argument that the corrective disclosures in those documents did not actually address the relevant alleged misstatements, we reject as premature their assertions that there are no extant corrective disclosures. Moreover, defendants' proffered case law, which involves plaintiffs whose claims were summarily dismissed because they were no longer investors by the time of any applicable corrective disclosures, does not apply (see e.g. Schuler , 2013 WL 944777 at *9, 2013 US Dist LEXIS 24200, *30).
Defendants' arguments concerning class certification are also unavailing. Defendants assert that plaintiff cannot serve as class representative because he has no injury, but, as we have found, their arguments for summary dismissal of his claims were properly rejected. Defendants also contend that plaintiff cannot be class representative because he was an "in and out" trader — that is, an investor who trades in and out of a security either before or after any disclosure and thus cannot have suffered damages from the alleged misstatement — who sold his ADSs before the alleged corrective disclosures. As already noted, however, plaintiff did not allege corrective disclosures in the second amended complaint, and therefore, the assertion that plaintiff is an in and out trader is premature.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November [*3]17, 2022